IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02626-MEH

NOSHIR GOWADIA,

Plaintiff,

v.

FLORENCE NAKAKUNI,

Defendant.

---

**ORDER ON PENDING MOTIONS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

In this *Bivens* action, Defendant has filed two motions in response to the operative pleading: a motion seeking summary judgment for Plaintiff's purported failure to exhaust administrative remedies, and a motion to dismiss the action for Plaintiff's failure to demonstrate personal jurisdiction and to allege a plausible claim for destruction of Plaintiff's mail. The Court finds that Plaintiff's failure to exhaust his administrative remedies before bringing this action is fatal to his claims and, thus, the Court grants Defendant's motion for summary judgment and denies her motion to dismiss as moot.

**FINDINGS OF FACT**

The Court makes the following findings of fact viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.[1]

1. Plaintiff Noshir Gowadia is incarcerated at the United States Penitentiary – Administrative

[1]Unless cited, these facts are undisputed.

Maximum ("ADX") in Florence, Colorado, a facility within the United States Bureau of Prisons ("BOP"). Declaration of Belinda Shelton, Sept. 11, 2017 ("Shelton Decl.") ¶ 2 & Attach. 1.

2. The remaining claim in this action alleges that Defendant Florence Nakakuni, the former U.S. Attorney for the District of Hawaii, has, without reason, delayed or destroyed Plaintiff's mail to his family and the court in violation of the First and Fifth Amendments. Order, ECF No. 23 at 7.

3. In support of the operative Amended Complaint, Plaintiff attached a list of "some examples of important U.S. mail of the Plaintiff which were intercepted/delayed/destroyed by the defendants." Am. Comp., Attach. B, ECF No. 22. The list includes documents the Plaintiff "put in ADX mail" in 2016. *Id.*

4. In the operative Amended Complaint, which the Plaintiff signed "under penalty of perjury," he checked the box for "yes" in response to the question, "Did you exhaust available administrative remedies?" Am. Comp., ECF No. 22 at 13, 15.

5. Plaintiff has not filed an administrative remedy request with the BOP since 2012. Shelton Decl. ¶¶ 12-14 & Attach. 2.

6. Plaintiff has not filed any administrative remedy request at any level regarding his allegations that Defendant Nakakuni has destroyed or delayed any of his mail. *Id.*, ¶ 15 & Attach. 2.

## LEGAL STANDARDS

### I. Consideration of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and

citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## II. Fed. R. Civ. P. 56

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

**ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is on Defendant to assert Plaintiff's failure to exhaust in a dispositive motion and, here, Defendant brings her failure to exhaust defense pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff's constitutional claim against Defendant was properly exhausted, the claim must be dismissed without prejudice. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Only when all possible administrative remedies have been exhausted with respect to prison conditions may a federal court consider such a claim. *Porter*, 534 U.S. at 524; *see also York v. Fed. Bureau of Prisons*, 379 F. App'x 737, 740 (10th Cir. 2010). Prison conditions for this purpose include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. A prisoner must exhaust his administrative remedies before filing his civil action. *Jones*, 549 U.S. at 202.

The Court finds *Porter*'s holding encompasses Plaintiff's claims, construed liberally and in the light most favorable to Plaintiff, regarding the alleged mishandling or delay/denial of mail. *See Pemberton v. Patton*, 639 F. App'x 532, 536–37 (10th Cir. 2016) (allegations of failure to deliver

mail (among others) must be exhausted); *Toevs v. Milyard*, 563 F. App'x 640, 644–45 (10th Cir. 2014) (plaintiff failed to demonstrate on summary judgment that he exhausted claims for denial of ability to send or receive mail).

Plaintiff does not provide any evidence that he exhausted available administrative remedies, but argues that the PLRA does not apply here where the Defendant is not a BOP employee and the acts alleged occurred outside the BOP's jurisdiction. Resp. 11. The Court disagrees. Neither the statute nor case law interpreting it require that a defendant be an employee of the BOP – only that the claim involve prison conditions. Here, the Plaintiff alleges his complaint: "is about the false and libelous statements made by [Defendant], which were then repeated by ADX warden after warden to impose and continue Special Administrative Measures. . . . [The] [p]urpose of these statements was to enable [Defendant] to have . . . access to the contents of Plaintiff's mail with Warden's/FBI Agents' assistance and then intercept /delay/destroy the mail." Am. Comp., ECF No. 22 at 8.

These allegations, including Plaintiff's admission that he "put in the ADX mail" the alleged destroyed documents and the "Wardens' assistance" in providing his mail to the Defendant, lead the Court to conclude that Plaintiff complains of prison conditions as described in *Porter* ("all inmate suits about prison life, whether they involve general circumstances or particular episodes") and he fails to raise a genuine issue of material fact that the PLRA does not apply here. The Court also finds the Plaintiff falsely asserted in his pleading that he exhausted administrative remedies with respect to the remaining claim. Am. Comp., ECF No. 22 at 13, 15.

Accordingly, the Court finds Plaintiff raises no material factual issues demonstrating that he exhausted his available administrative remedies and, thus, grants the Defendant's motion for summary judgment.

As set forth above, dismissal for failure to exhaust administrative remedies is typically

without prejudice. *Fields*, 511 F.3d at 1113. Under some circumstances, such as when any attempt to cure the procedural flaw would be untimely, courts have held that dismissal should be with prejudice. *See Duffy v. Daugherty*, No. CIV–09–908–D, 2010 WL 2079674, at *2 n.6 (W.D. Okla. Apr. 22, 2010) (citing *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007) ("While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice.")). Here, the Defendant has neither argued nor demonstrated that any attempt by the Plaintiff to exhaust his administrative remedies would be untimely[2]; accordingly, the Court will dismiss the action without prejudice in accordance with prevailing law.

**CONCLUSION**

In this case, although the Plaintiff declares under penalty of perjury that he exhausted his available administrative remedies before bringing suit, he actually fails to raise any genuine issue of material fact demonstrating that he has, in fact, exhausted his remedies. Given the Supreme

---

[2]Although Defendant generally sets forth the time lines necessary for submission of grievances in the BOP system, and the factual allegations appear to show that any attempt by Plaintiff to file grievances related to the allegations in the Amended Complaint might be untimely, Defendant failed to argue that any untimeliness might result in dismissal with prejudice. In fact, Defendant asserts:

> Plaintiff alleges that his mail is wrongly delayed or destroyed, and he must file and complete the administrative grievance process in order to enable officials to review the grievance and to take any appropriate measures to resolve the grievance. *Kikumura*, 461 F.3d at 1283. He may not file suit until he has completed that process. *Jones*, 549 U.S. at 202. . . . Simply put, Plaintiff has not started, let alone completed, the administrative grievance process relating to the allegations of delayed or destroyed mail in the lone surviving claim.

Mot. 6. This language may be construed as an instruction to the Plaintiff to file the necessary grievance, rather than a contention that any submission would be untimely. Even if Defendant did not intend such instruction, the Plaintiff still had no opportunity here to respond to any untimeliness argument.

Court's mandate that "unexhausted claims cannot be brought in court" (*Jones*, 549 U.S. at 211), the Court must **grant** the Defendant's Motion for Summary Judgment [filed September 14, 2017; ECF No. 42] and dismiss this action without prejudice. In light of this order, the Defendant's Motion to Dismiss [filed September 14, 2017; ECF No. 41] is **denied without prejudice** as moot.

SO ORDERED.

DATED at Denver, Colorado, this 4th day of January, 2018.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge